UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER SCHWARZ,

    Plaintiff,

v.                                                    Case No: 8:15-cv-1927-T-35JSS

BIGTOWN LIQUORS INC,

    Defendant.
_____/

## ORDER ON MOTION TO DISQUALIFY COUNSEL

THIS MATTER is before the Court on Plaintiff's Unopposed Motion to Disqualify Counsel, Christopher Jallo, from Trial. (Dkt. 19.) Plaintiff seeks to disqualify attorney Christopher Jallo from trial because Mr. Jallo appears as lead counsel for Defendant in this case and has also been identified as a trial witness by Defendant. Mr. Jallo does not object to the relief sought by Plaintiff.

Although a party is presumptively entitled to the counsel of its choice, that right may be overridden if "compelling reasons" exist. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). The party moving to disqualify counsel bears the burden of proving the grounds for disqualification. *Id.* A violation of the rules of professional conduct governing attorneys can be sufficient to warrant disqualification. *See McGriff v. Christie*, 477 F. App'x 673, 677 (11th Cir. 2012) (affirming the district court's disqualification of an attorney based on a violation of the Georgia Rules of Professional Conduct).

The Rules Regulating The Florida Bar, which govern the professional conduct of attorneys practicing before the United States District Court for the Middle District of Florida, provide that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness

on behalf of the client" except in certain limited circumstances. R. Regulating Fla. Bar 4-3.7(a); *see* M.D. Fla. Local R. 2.04(d) (providing that the professional conduct of all members of the Middle District of Florida shall be governed by the rules adopted by the Supreme Court of Florida to govern the professional behavior of the members of The Florida Bar.) Thus, Rule 4-3.7(a) "prohibits a lawyer from acting as an advocate and witness in the same trial." *See Scott v. State*, 717 So. 2d 908, 910 (Fla. 1998) (stating that Rule 4-3.7 is intended "to prevent the evils that arise when a lawyer dons the hats of both an advocate and witness for his or her own client," such as prejudicing the opposing side or creating a conflict of interest).

In light of the above, the Court finds that Plaintiff has met its burden for disqualification of Mr. Jallo as trial counsel in this matter. Should it be necessary to call Mr. Jallo as a witness at trial, then Mr. Jallo is disqualified from representing Defendant at trial. However, because Defendant is a corporation, it must be represented by counsel in this matter. *See* M.D. Fla. Local R. 2.03(e) (providing that a corporation may appear and be heard only through counsel). Mr. Jallo currently appears as the only attorney of record for Defendant in this case. (Dkt. 16.) Therefore, Defendant must secure alternate counsel for trial. Trial counsel must make an appearance in this case on Defendant's behalf within thirty (30) days of this Order. Accordingly, it is

**ORDERED** that Plaintiff's Unopposed Motion to Disqualify Counsel, Christopher Jallo, from Trial (Dkt. 19) is **GRANTED**. Alternate trial counsel must make an appearance in this case on Defendant's behalf within thirty (30) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 11, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record